IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs at Knoxville April 23, 2013

## STATE OF TENNESSEE v. CARLOS PONCE DeLEON

**Appeal from the Circuit Court for Bedford County**
**No. 17294     F. Lee Russell, Judge**

_____

**No. M2012-01517-CCA-R3-CD - Filed May 24, 2013**

_____

The Defendant, Carlos Ponce DeLeon, entered best interest guilty pleas to theft of property valued at $1000 or more but less than $10,000, a Class D felony, two counts of automobile burglary, Class E felonies, theft of property valued at more than $500 but less than $1000, a Class E felony, and two counts of theft of property valued at $500 or less, Class A misdemeanors. *See* T.C.A. §§ 39-14-402, 39-14-103, 39-14-105 (2010). He was sentenced as a Range II, multiple offender to six years for the theft of property valued at $1000 or more but less than $10,000 conviction, four years for each automobile burglary conviction, three years for the theft of property value at more than $500 but less than $1000 conviction, and eleven months and twenty-nine days for each theft of property valued at $500 or less conviction. The trial court ordered partial consecutive sentencing for an effective ten-year sentence. On appeal, the Defendant contends that his effective sentence is excessive. We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which THOMAS T. WOODALL and NORMA MCGEE OGLE, JJ., joined.

Donna Orr Hargrove, District Public Defender, and Michael J. Collins, Assistant District Public Defender, Shelbyville, Tennessee, for the appellant, Carlos Ponce DeLeon.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Robert Carter, District Attorney General; and Richard A. Cawley, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

This case relates to the theft of various tools, work equipment, electronic devices, and personal items from multiple vehicles. According to the State's recitation of the facts at the guilty plea hearing,

[o]n March 15, 2011 . . . Jesse Lang of Shelbyville reported that his vehicle in a driveway had been broken into and an amplifier, GPS unit, sunglasses and in-dash CD player valued at $1800 was stolen.

Then on March 18, 2001, Officer Tory Moore of the Shelbyville Police Department was dispatched to the King Arthur Trailer Park, which is fairly close in proximity to where Mr. Jesse Lang lived. . . . Officer Moore spoke with Phillip Grant who advised that a motorcycle helmet had been stolen from his pickup.

A witness, Leslie Driver, gave a description of the vehicle he had seen in the area and a description of the individual that he had seen remove the helmet from the pickup. That description was sent out to other officers. Sergeant Wilkerson with the Shelbyville Police Department . . . arrived on the scene and . . . located a vehicle that matched that description exiting Whispering Oaks Subdivision with a garden tiller in the back of the driver's side of the vehicle. The driver was holding the door closed because it would not close due to the tiller.

The vehicle was stopped; it was determined that Mr. Carlos Ponce DeLeon was the driver of that vehicle. Mr. Driver was brought to the scene[,] and he did identify Mr. Ponce DeLeon as the person he had seen get into Mr. Grant's vehicle and take the helmet. Mr. Grant was able to positively identify the helmet as being the helmet that was removed from his pickup. . . . [The] helmet was valued at less than $500.

[T]he tiller was determined to belong to Mr. Charles Bolby. Mr. Bolby confirmed that the tiller had been stolen and . . . was valued at $500 to $1000.

Also in the vehicle were located a chain saw and . . . girls golf clubs which later [were] determined to belong to Ms. Mary Bleta Shavers. Ms. Shavers said those were valued at $500 or less and that they were hers. . . . Mr. Ponce DeLeon did not have permission to have those items.

At the sentencing hearing, the presentence report was received as an exhibit. The report showed previous convictions for three counts of theft of property valued at $500 or less, two counts of marijuana possession, two violations of the driver's license law, drug possession, failure to appear, automobile burglary, and illegal possession of a debit card. The report showed multiple probation revocations and a previous termination of pretrial diversion. The Defendant prepared a written statement for the presentence report, which said,

> I was involved in buyin[g] and selling stuff. I know now that some of the these items were stolen. I'm truly sorry for any inconvenience I've helped cause to anyone. I've been incarcerated for 13 months day for day [and] have learned a lot. I never intend on making any of the same mistakes again. My freedom is too important and me being incarcerated hurts people I love. Once again I'm very sorry.

Mr. Grant's victim impact statement stated that the theft caused him to distrust everyone and asked that the Defendant's punishment fit his crimes. Mr. Bolby's victim impact statement reflected that he and his wife were afraid inside their home, that they kept the doors locked at all times, and that his wife no longer wanted to stay home by herself. He stated that his wife was scared and became nervous when unknown vehicles drove past their home.

The presentence report showed that the Defendant obtained his GED and completed a class in ornamental horticulture. The Defendant reported good mental health, although he had previous problems with depression. He reported good physical health, although he had a history of seizures and a previous back injury caused by a car accident. The Defendant reported receiving treatment for his seizures and back pain, but the medical facilities reported never treating the Defendant. The Defendant stated that he drank alcohol but not to excess. The Defendant reported that he used pain medication to treat his back pain, that he initially had a prescription for the medication, that he lost his insurance, and that he began getting the medication from friends. He denied abusing pain medication.

The Defendant reported that he had never met his father, who was incarcerated for second degree murder, and that his stepfather was verbally abusive, addicted to drugs, and refused to find employment. His mother and stepfather divorced when he was eighteen years old, and his mother and brother lived in Ohio. He was single, had no children, and had no family in Tennessee. He claimed that he did not have a residence and that he stayed with friends. The presentence report showed previous employment with Lifestyle Staffing and Krystal restaurants.

The Defendant expressed remorse to the trial court for the harm he "helped cause" and said he was not a bad person. He admitted associating with the wrong people and making bad decisions.

The trial court found that the Defendant had previous convictions for theft of property valued at $500 or less, theft of property valued at $1000 or more but less than $10,000, violating the driver's license law, drug possession, failure to appear, automobile burglary, and illegal possession of a debit card. The court found that the Defendant received probation for theft of property valued at $1000 or more but less than $10,000 in 2003 and automobile burglary in 2004 and that his probation was revoked in each case. The court also found that the Defendant was on probation for a theft-related offense when the instant offenses occurred.

The trial court found that mitigating factors (1) and (13) applied. *See* T.C.A. §§ 40-35-113(1) (2010) ("The defendant's criminal conduct neither caused nor threatened serious bodily injury") and -113(13) ("Any other factor consistent with the purposes of this chapter"). The court stated that although no serious bodily harm was caused by the thefts and the Defendant did not prolong the proceedings by choosing a trial, it did not give factors (1) and (13) significant weight because there was "strong evidence" of the Defendant's guilt.

The trial court found that enhancement factors (1), (8), and (13) applied. *See* T.C.A. §§ 40-35-114(1) (2010) ("The defendant has a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range"), -114(8) ("The defendant, before trial or sentencing, failed to comply with the conditions of a sentence involving release into the community"), and -114(13) ("At the time the felony was committed, . . . [the defendant was] released on probation"). The court stated that enhancement factor (8) applied because of the Defendant's previous failed attempts at probation and that factor (13) applied because the Defendant was on probation for theft of property valued at $500 or less when the instant offenses occurred.

The trial court sentenced the Defendant as a Range II, multiple offender based on his previous convictions for theft of property valued at more than $1000 but less than $10,000 and automobile burglary. The court sentenced him to six years for theft of property valued at more than $1000 but less than $10,000, four years for each automobile burglary, three years for theft of property valued at more than $500 but less than $1000, and eleven months and twenty-nine days for each theft of property valued at $500 or less. The court found that the Defendant had an extensive criminal record and that the instant offenses were committed when the Defendant was on probation. The court ordered that the convictions for the theft of property valued at $1000 or more but less than $10,000, the first automobile burglary, and the first theft of property valued at $500 or less be served concurrently. The court also

ordered that the convictions for the second automobile burglary, the theft of property valued at more than $500 but less than $1000, and the second theft of property valued at $500 or less be served concurrently. The sentences for counts one, two, and five were ordered to be served concurrently but connectively to counts six, seven, and eight for an effective ten-year sentence. This appeal followed.

The Defendant contends that his sentence is excessive. He argues that the "punishment imposed does not fit the crime." The State responds that the trial court did not abuse its discretion by sentencing the Defendant to an effective ten-year sentence. We agree with the State.

The Tennessee Supreme Court adopted a new standard of review for sentencing in *State v. Bise*, 380 S.W.3d 682, 706 (Tenn. 2012). Currently, length of sentence "within the appropriate statutory range [is] to be reviewed under an abuse of discretion standard with a 'presumption of reasonableness.'" *Id.* at 708. In determining the proper sentence, the trial court must consider: (1) any evidence received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee, (7) any statement that the defendant made on his own behalf, and (8) the potential for rehabilitation or treatment. T.C.A. §§ 40-35-102, -103, -210; *see State v. Ashby*, 823 S.W.2d 166, 168 (Tenn. 1991); *State v. Moss*, 727 S.W.2d 229, 236 (Tenn. 1986).

Challenges to a trial court's application of enhancement and mitigating factors are reviewed under an abuse of discretion standard. *Bise*, 380 S.W.3d 68 at 706. We must apply "a presumption of reasonableness to within-range sentencing decisions that reflect a proper application of the purposes and principles of our Sentencing Act." *Id.* at 707. "[A] trial court's misapplication of an enhancement or mitigating factor does not invalidate the sentence imposed unless the trial court wholly departed from the 1989 Act, as amended in 2005." *Id.* at 706. "So long as there are other reasons consistent with the purposes and principles of sentencing, as provided by statute, a sentence imposed by the trial court within the appropriate range should be upheld." *Id.*

We conclude that the trial court properly sentenced the Defendant. The record reflects that the trial court followed the statutory sentencing procedure, made findings of fact supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act. The sentences are within range, and the court considered the enhancement and mitigating factors supported by the evidence. Regarding consecutive sentencing, the Defendant was on probation at the time

the instant offenses were committed. This factor provides a proper basis for consecutive sentencing. *See* T.C.A. § 40-35-115(b)(6) (2010) ("The defendant is sentenced for an offense committed while on probation"); *State v. Mickens*, 123 S.W.3d 355, 394 (Tenn. Crim. App. 2003) (concluding that the criteria for consecutive sentencing "are stated in the alternative; therefore, only one need exist to support the appropriateness of consecutive sentencing"). In any event, the trial court also found that the Defendant had an extensive record of criminal activity. *See* T.C.A. § 40-35-115(b)(2). The presentence report showed previous probation revocations and multiple convictions for theft- and drug-related offenses. The record supports the Defendant's sentences, and he is not entitled to relief.

In consideration of the foregoing and the record as a whole, we affirm the judgments of the trial court.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE